**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SHANISE TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 09-175 (EGS) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Shanise Taylor alleges that the District of Columbia and the District of Columbia Public Schools ("DCPS") violated the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, and § 504 of the Rehabilitation Act ("the Rehabilitation Act"), 29 U.S.C. § 794, by failing to provide her son, K.T., with a free appropriate education ("FAPE").[1]  Compl. ¶ 2.  Pending before the Court is defendants' motion for partial dismissal of the complaint.  Specifically, defendants' seek (i) dismissal of defendant DCPS from the action as *non sui juris*,

---

[1] The IDEA was enacted to assure that children with educational disabilities obtain a FAPE designed to meet their unique needs.  *See* 20 U.S.C. § 1400, *et seq.*; *see Reid v. District of Columbia*, 401 F.3d 516, 524 (D.C. Cir. 2005).  The IDEA "ensure[s] that the rights of children with disabilities and parents of such children are protected."  20 U.S.C. § 1400(d).  For purposes of this motion, defendants are not challenging plaintiff's IDEA claims.  *See* Def.'s Mot. at 5-6 ("Defendants do not dispute that Plaintiff is entitled to a FAPE, as provided for in the IDEA, 20 U.S.C. § 1421(a)(1).  Nor do Defendants contest . . . that K.T. may have disabilities that entitle [him] to various special education services under the IDEA.").

and (ii) dismissal of plaintiff's Rehabilitation Act claim for failure to state a claim.  Upon consideration of the motion, the response and reply thereto, the applicable law, and for the reasons stated below, the Court **GRANTS** defendants' motion.

## I.   BACKGROUND

Ms. Taylor is the parent of K.T., a ten-year-old boy who qualifies for special education and related services as a child with a disability.  Compl. ¶¶ 5, 8.  DCPS completed a psychological evaluation of K.T. on April 4, 2008.  Compl. ¶ 9.  On June 5, 2008, plaintiff notified DCPS that she would not accept its April 4, 2008 psychological evaluation and requested authorization to obtain an independent comprehensive psychological evaluation of K.T.  Compl. ¶ 10.  After DCPS failed to timely respond to plaintiff's request, plaintiff filed an IDEA due process complaint alleging that DCPS "had failed to respond to a request for authorization to obtain an independent evaluation at public expense."  Compl. ¶¶ 12-13 (internal quotation marks omitted).  A hearing on the administrative complaint was held on October 22, 2008, and a hearing officer's decision issued on October 31, 2008, denying the claim and dismissing the case.  Compl. ¶¶ 14-15.

Following dismissal of her administrative action, plaintiff filed suit in this Court alleging violations of the IDEA and § 504 of the Rehabilitation Act.  Defendants subsequently filed a

motion for partial dismissal of plaintiff's complaint.  This motion is now ripe for determination by the Court.

**II.  LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  A complaint must present "enough facts to state a claim to relief that is plausible on its face" and "above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering a 12(b)(6) motion, the Court must construe the complaint "'liberally in the plaintiff's favor,' 'accept[ing] as true all of the factual allegations'" alleged in the complaint.  *Aktieselskabet AF 21 November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 15 (D.C. Cir. 2008) (alteration in original) (quoting *Kassem v. Wash. Hosp. Ctr.*, 513 F.3d 251, 253 (D.C. Cir. 2008)).  Indeed, a plaintiff is entitled to "the benefit of all inferences that can be derived from the facts alleged."  *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  A court need not, however, "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint.  Nor must [a] court accept legal conclusions cast in the form of factual allegations."  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[O]nly a

complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.*

**III. ANALYSIS**

    **A.**    **Defendant DCPS**

Defendants seek dismissal of defendant DCPS as *non sui juris*, explaining that DCPS is a non-suable agency.  *See* Def.'s Mot. at 7-8.  In her opposition brief, plaintiff indicates that she "does not oppose the dismissal of DCPS" as her "[c]laims against DCPS, an agency of the District of Columbia, may be properly construed as having been brought against the District."  Pl.'s Opp'n Br. at 1.  Accordingly, defendant DCPS is dismissed as a party from this action.

    **B.**    **Section 504 of the Rehabilitation Act**

Next, defendants seek dismissal of Count III of plaintiff's complaint - her Rehabilitation Act claim.  *See* Compl. ¶¶ 22-28.  Plaintiff seeks a declaration that "DCPS violated Section 504 [of the Rehabilitation Act] by failing to provide K.T. with [a] FAPE."  Compl. ¶ 2.

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified handicapped individual in the United States . . . shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . ."  29 U.S.C. § 794; *see also Robinson*

*v. District of Columbia*, 535 F. Supp. 2d 38, 42 (D.D.C. 2008) ("Section 504 prohibits programs and entities that receive federal funding from denying benefits to, or otherwise discriminating against, a person 'solely by reason' of that individual's handicap."). In the context of cases involving children who receive benefits pursuant to the IDEA, courts have consistently recognized that in order to establish a violation of § 504, "'something more than a mere failure to provide the free appropriate education required by [the IDEA] must be shown.'" *Lunceford v. District of Columbia*, 745 F.2d 1577, 1580 (D.C. Cir. 1984) (quoting *Monahan v. Nebraska*, 687 F.2d 1164, 1170 (8th Cir. 1982)); *see also Robinson*, 535 F. Supp. 2d at 42 (citing cases). "Specifically, plaintiffs must show either bad faith or gross misjudgment on the part of the governmental defendants." *Robinson*, 535 F. Supp. 2d at 42.

Having carefully reviewed plaintiff's complaint, the Court concludes that plaintiff has alleged insufficient facts to establish a violation of § 504. *Id.* The relevant facts, as set forth in Ms. Taylor's complaint, are that: (i) DCPS conducted a psychological evaluation of K.T., Compl. ¶ 9; (ii) plaintiff, declining to accept DCPS' psychological evaluation, requested authorization to obtain an independent comprehensive evaluation of K.T., Compl. ¶ 10; (iii) the District failed to request a due process hearing to defend its psychological evaluation, Compl. ¶¶

11; and (iv) the District did not respond to plaintiff's request by September 17, 2008, Compl. ¶ 12.  Even when viewed in the light most favorable to plaintiff, "[t]hese facts do not show anything other than a possible denial of FAPE under the IDEA"; they do not support an allegation that DCPS acted in bad faith or with gross misjudgment.  *Torrence v. District of Columbia*, No. 09-443, 2009 U.S. Dist. LEXIS 107305, at *12 (D.D.C. Nov. 17, 2009); *see also, e.g.*, *Robinson*, 535 F. Supp. 2d at 42 ("Although plaintiffs' complaint includes allegations that defendants failed to provide D.R. with a FAPE, that defendants failed to provide appropriate special education services and evaluations, and that the hearing officer erred in his decision to dismiss plaintiffs' case in its entirety, the complaint completely fails to suggest allegations of bad faith or gross misjudgment sufficient to support a Section 504 claim.  Hence, that claim must be dismissed.").  Plaintiff, therefore, has failed to state a claim under § 504 of the Rehabilitation Act.

While plaintiff also asserts that "DCPS has created and adhered to a policy, custom or practice of refusing timely to authorize funding of evaluations of special education students in the District of Columbia, including K.T.," and that this "policy, custom, or practice" is evidence of bad faith and gross misjudgment, *see* Compl. ¶¶ 25-27, plaintiff's complaint is devoid of any facts from which the Court could infer such a "policy,

custom, or practice." The facts, as alleged, reflect only the District's failure to timely conduct, review, or authorize the funding of an independent evaluation of K.T.; plaintiff's "naked assertions" of a broader "policy, custom, or practice" are simply insufficient to survive a motion to dismiss. *See Iqbal*, 129 S. Ct. at 1949 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." (internal citations omitted)). Indeed, the conclusory, boilerplate language of Count III - which plaintiff's counsel has included in at least three separate actions filed in this court - recently led Judge Collyer to dismiss an identically pled Rehabilitation Act claim. *See Torrence*, 2009 U.S. Dist. LEXIS 107305, at *8-13 (concluding that the plaintiff had failed to state a claim under § 504 of the Rehabilitation Act, and noting that "§ 504 [of the Rehabilitation Act] is attuned to programatic failures while the IDEA is focused on the individual student who needs special education"); *compare Torrence* Compl. ¶¶ 23-29, No. 09-443, Docket

No. 1 *with* Taylor Compl. ¶¶ 22-28, No. 09-175, Docket No. 1.[2] Accordingly, Count III of plaintiff's complaint is dismissed for failure to state a claim.

**IV.   CONCLUSION**

For the reasons set forth above, the Court **GRANTS** defendant's motion for partial dismissal.  Defendant DCPS is dismissed as a party from this action, and Count III of plaintiff's complaint is dismissed for failure to state a claim under § 504 of the Rehabilitation Act.  An appropriate Order accompanies this Memorandum Opinion.

**SIGNED:    Emmet G. Sullivan**
**United States District Court Judge**
**February 2, 2010**

---

[2] The third case in which this conclusory language is used is *Lucas v. District of Columbia*, No. 09-247. By Order this same day, the Court is dismissing the Rehabilitation Act claim in that case as well.