**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SHANISE TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 09-175 (EGS) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Shanise Taylor seeks review of an administrative decision denying her request for relief from the District of Columbia Public Schools ("DCPS") for alleged violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, by failing to provide her son with a free appropriate public education ("FAPE"). Pending before the Court are cross-motions for summary judgment. Upon consideration of the motions, the responses and replies thereto, the applicable law, the administrative record, the additional evidence submitted by plaintiff, and for the reasons stated below, the Court **DENIES** without prejudice the parties' cross-motions for summary judgment and **REMANDS** this action to the hearing officer for additional findings of fact and conclusions of law, as well as a determination of what, if any, relief plaintiff is entitled to receive on behalf of her son.

## I. BACKGROUND

Ms. Taylor is the parent of K.T., an eleven year-old boy who attended Amidon Elementary School ("Amidon") from the fall of 2004 - when K.T. was in kindergarten - through the 2008-2009 school year. *See* Pl.'s Statement of Facts Not in Dispute ("Pl.'s SMF") ¶ 1; Def.'s Statement of Facts Not in Dispute ("Def.'s SMF") ¶ 1. While at Amidon, K.T. had several behavior-related incidents, some of which resulted in K.T.'s removal from school. Pl.'s SMF ¶¶ 2, 5.

As a result of these incidents, Ms. Taylor requested that K.T. be evaluated by DCPS for special education services. *See* Pl.'s SMF ¶ 7 (explaining that plaintiff had begun requesting special education evaluations for K.T. in 2006). On December 20, 2007, a Multidisciplinary Team ("MDT") met for the first time to develop a Student Evaluation Plan ("SEP") for K.T. Def.'s SMF ¶ 2. The MDT recommended, among other things, that K.T. receive a comprehensive clinical evaluation. Def.'s SMF ¶ 2; *see also* Administrative Record ("AR") 6 ¶ 2. Plaintiff, who participated in the December 20, 2007 MDT meeting, signed a "Consent for Evaluation" form. Def.'s SMF ¶ 3.

DCPS completed its psychological evaluation of K.T. on April 4, 2008. Pl.'s SMF ¶ 9. Its examiner found that K.T. did not qualify for special education services as a child with an emotional or learning disability. *See* Pl.'s Ex. 1 ("[T]he view

2

of this examiner is that [K.T.] does not meet the legal criteria as detailed by the IDEA and Chapter 30 as an emotionally disturbed child. . . . [K.T.] does not meet the disability criteria as a Learning Disabled student."). On April 18, 2008, the MDT met to review the psychological evaluation and to determine whether K.T. was eligible for special education services. *See* Pl.'s SMF ¶ 11; Def.'s SMF ¶ 5. The meeting was subsequently adjourned, however, after the MDT determined that it needed additional information. *See* Pl.'s SMF ¶¶ 11-12; Def.'s SMF ¶ 5; *see also* AR 58-59 ("Meeting was adjourned before eligibility was discussed. . . . MDT determined that additional information and/or report are required to be submitted for the purpose of determining functioning in the school setting. This information includes, suspension reports, office referral, any/all pertinent reports from community connection, SST intervention strategies as well as all educational data reports. Ms. Taylor to provide school with contact information for personnel at community connection[.]").[1]

---

[1] While not material to the Court's decision, the parties dispute what additional information was needed by the MDT in order to determine K.T.'s eligibility for special education services. In particular, plaintiff contends - over the objection of DCPS - that the April 18, 2008 MDT meeting was adjourned because "DCPS determined that the psychological evaluation required amendment[.]" Pl.'s SMF ¶ 12. Having carefully reviewed the administrative record, the Court finds no support for this assertion.

On June 5, 2008, plaintiff notified DCPS that she would not accept its April 4, 2008 psychological evaluation and requested authorization to obtain an independent psychological evaluation pursuant to 34 C.F.R. § 300.502.[2] Pl.'s SMF ¶ 16; Def.'s SMF ¶ 6. After receiving no response from DCPS regarding her request, plaintiff filed an IDEA due process complaint on September 17, 2008.[3] Pl.'s SMF ¶ 18.

Plaintiff's due process complaint alleged, among other things, that DCPS had failed to respond to her request for authorization to obtain an independent evaluation at public expense. Def.'s SMF ¶ 16; *see generally* AR 46. A hearing on the administrative complaint was scheduled for October 22, 2008.

---

[2] Section 300.502 provides, in relevant part, that "[t]he parents of a child with a disability have the right under this part to obtain an independent educational evaluation of the child." 34 C.F.R. § 300.502(a)(1). It further states that: "If a parent requests an independent educational evaluation at public expense, the public agency must, without unnecessary delay, either– (i) File a due process complaint to request a hearing to show that its evaluation is appropriate; or (ii) Ensure that an independent educational evaluation is provided at public expense . . . ." 34 C.F.R. § 300.502(b)(2).

[3] Although DCPS had not specifically responded to plaintiff's request for an independent evaluation as of September 17, 2008, on September 15, 2008 – two days prior to the filing of plaintiff's due process complaint – DCPS sent a letter to plaintiff's counsel attempting to schedule a meeting with the MDT. Def.'s SMF ¶ 7. In its letter, DCPS proposed three alternative dates for an MDT meeting. Def.'s SMF ¶ 7. Each of these dates were rejected by plaintiff's counsel, as were the subsequent dates proposed by DCPS. *See* Def.'s SMF ¶¶ 7-14 (detailing DCPS's numerous attempts to schedule an MDT meeting in September-October 2008).

Def.'s SMF ¶ 17.  A week prior to the hearing, however, on October 15, 2008, DCPS sent plaintiff a letter authorizing her to obtain an independent evaluation for K.T.  Pl.'s SMF ¶ 19; Def.'s SMF ¶ 18.  The due process hearing was nevertheless held on October 22, 2008, and the hearing officer issued her decision on October 31, 2008 (the "October 2008 HOD").  *See generally* AR 4-13.

In her decision, the hearing officer found, *inter alia*, that DCPS violated a procedural obligation of the IDEA by failing to timely respond to plaintiff's request for an independent evaluation of K.T.  *See* AR 10 ("The time elapse between the Petitioner's request [for an independent evaluation], and the time DCPS responded was more than 4 months.  The DCPS has provided no justification for the delay. . . . The DCPS should have authorized the evaluation or file [sic] a complaint defending the existing evaluation without delay.  The Hearing Officer determines the DCPS has violated a procedural obligation.").  The hearing officer also found, however, that K.T. "was not denied a FAPE because of the alleged procedural inadequacy."  AR 11.  Specifically, the hearing officer determined that "[t]he Student did not prove that a failure to get a psychological reevaluation denied the Student's right to a FAPE or deprive [sic] him of educational benefit."  AR 11; *see also* AR 11 ("While the Petitioner has established a procedural

violation of the IDEA, the Petitioner has not established that that violation caused harm to the Student that the IDEA is intended to address."). The hearing officer then dismissed plaintiff's due process complaint. AR 13.

Following dismissal of her administrative action, plaintiff filed suit in this Court alleging violations of the IDEA and Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 794.[4] On May 28, 2010, plaintiff filed a motion for summary judgment seeking reversal of the October 2008 HOD and a declaration that DCPS denied K.T. a FAPE "by failing to provide for an independent evaluation of him for four months." Pl.'s Mot. for Summary Judgment ("Pl.'s SJ Mot.") at 2. On July 16, 2010, the District filed a cross-motion for summary judgment asking the Court to affirm the October 2008 HOD. *See* Def.'s Mot. for Summary Judgment ("Def.'s SJ Mot."). These motions are now ripe for determination by the Court.

## II. STATUTORY FRAMEWORK AND LEGAL STANDARD

### A. The IDEA

The IDEA was enacted to "ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further

---

[4] Plaintiff's Rehabilitation Act claim was dismissed by this Court on February 2, 2010. *See Taylor v. District of Columbia*, 683 F. Supp. 2d 20 (D.D.C. 2010).

6

education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A). It requires all states and the District of Columbia to provide resident children with disabilities a FAPE designed to meet their unique needs. *Id.* § 1412(a)(1).

The IDEA attempts to guarantee children with disabilities a FAPE by requiring schools and other local educational agencies to adopt procedures to evaluate children with suspected disabilities and to ensure appropriate educational placement of disabled students. *See id.* §§ 1413-1414. In addition, schools and school districts must develop comprehensive plans for meeting the special educational needs of individual disabled students. *See id.* § 1414(d)(2)(A).

A parent who believes that his or her child has been denied a FAPE is entitled to an impartial due process hearing. *Id.* § 1415(f)(1)(A). Any party aggrieved by the hearing officer's determination may bring a civil action challenging the decision. *Id.* § 1415(i)(2)(A).

### B. Standard of Review

In a district court's review of a hearing officer's determination, the burden of proof is always on the party challenging the administrative determination, who must "at least take on the burden of persuading the court that the hearing officer was wrong." *Reid v. District of Columbia*, 401 F.3d 516, 521 (D.C. Cir. 2005) (quoting *Kerkam v. McKenzie*, 862 F.2d 884,

887 (D.C. Cir. 1988)). In conducting its review, the court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as [it] determines is appropriate." 20 U.S.C. § 1415(i)(2)(c). A court must give "'due weight'" to the hearing officer's determinations and "may not substitute its own notions of sound educational policy for those of the school authorities." *S.S. v. Howard Road Acad.*, 585 F. Supp. 2d 56, 63-64 (D.D.C. 2008) (quoting *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206 (1982)). Less deference, however, is to be accorded to a hearing officer's decision than would be the case at a conventional administrative proceeding. *See Reid*, 401 F.3d at 521 (explaining that the court is "obligated by IDEA to ensure that relief set forth in the administrative award was 'appropriate'"). A motion for summary judgment operates as a motion for judgment based on the evidence comprising the record and any additional evidence the Court may receive. *D.R. v. District of Columbia*, 637 F. Supp. 2d 11, 16 (D.D.C. 2009).

### III. ANALYSIS

In support of her request for summary judgment, plaintiff first argues that the hearing officer erred in determining that K.T. was not denied a FAPE by DCPS's failure to timely respond to her request for an independent evaluation, explaining that "[t]he

8

failure to provide for an independent evaluation is a substantive violation of the IDEA." Pl.'s SJ Mot. at 9. In support of this assertion, plaintiff relies on *Harris v. District of Columbia*, 561 F. Supp. 2d 63 (D.D.C. 2008). In *Harris*, the court found that DCPS's "failure to act on a request for an independent evaluation" for a child who had "languished for over two years with an [individualized education program] that may not [have been] sufficiently tailored to her special needs" was more than "a mere procedural inadequacy." *Id.* at 69; *see also id.* (discussing "[t]he intransigence of DCPS as exhibited in its failure to respond quickly to plaintiff's simple request [for an independent evaluation]"). Based solely on this statement in *Harris*, plaintiff asks the Court to hold that DCPS's failure to timely respond to a request for an independent evaluation "is a per se denial of FAPE, [where] the question of actual harm need never be asked." Pl.'s Combined Opp'n & Reply at 3. This Court must decline plaintiff's request.

"A failure to timely reevaluate is at base a procedural violation of IDEA." *Smith v. District of Columbia*, No. 08-2216, 2010 U.S. Dist. LEXIS 125754, at *9 (D.D.C. Nov. 30, 2010) (citing cases). Procedural violations of the IDEA do not "'inexorably lead a court to find a child was denied FAPE.'" *Id.* (quoting *Schoenbach v. District of Columbia*, 309 F. Supp. 2d 71, 78 (D.D.C. 2004)). Instead, as plaintiff's counsel is well

9

aware, "an IDEA claim is viable only if [DCPS's] procedural violations affected the student's *substantive* rights." *Lesesne v. District of Columbia*, 447 F.3d 828, 834 (D.C. Cir. 2006) (citing cases).[5] The Court, therefore, finds that the hearing officer properly determined that plaintiff was required to demonstrate that K.T. suffered an "educational harm" in order to establish that he was denied a FAPE by DCPS's procedural violation. *See* AR 11[6]; *see also Lesesne*, 447 F.3d at 834 (rejecting petitioner's argument that her child was "'per se harmed' by DCPS's alleged failure to meet some of IDEA's procedural deadlines").

Plaintiff more persuasively argues, however, that the October 2008 HOD should be reversed because K.T.'s substantive rights under the IDEA were, in fact, violated by DCPS's failure to timely respond to plaintiff's request for an independent evaluation. In support of this argument, plaintiff asks the Court to consider several pieces of new evidence. Specifically,

---

[5] Plaintiff's counsel in this action was counsel of record in the *Lesesne* action.

[6] Indeed, the hearing officer correctly recognized that "'in matters alleging a procedural violation, a hearing officer may find that a child did not receive a [FAPE] only if the procedural inadequacies — i. impeded the child's right to a [FAPE]; ii. significantly impeded the parent's opportunity to participate in the decision making process regarding the provisions of a FAPE to the parent's child; or iii. caused a deprivation of educational benefits.'" AR 10-11 (quoting 34 C.F.R. § 300.513(a)).

plaintiff asks the Court to consider that on December 3, 2008 – more than two months after the hearing officer issued her determination – an independent psychological evaluation of K.T. was produced, which recommended qualification of K.T. as a child with an emotional disturbance and attention deficit hyperactivity disorder ("ADHD").  *See* Pl.'s Ex. 2 at 14 (diagnosing K.T. with ADHD, intermittent explosive behavior, and conduct disorder - childhood onset).  Plaintiff also asks the Court to consider that during an MDT-eligibility meeting held on December 12, 2008, the MDT "agreed" with plaintiff's independent psychological evaluation and found that K.T. (i) was "eligible for special education services as a student with emotional disturbance/other health impairment," and (ii) was in need of a "full-time therapeutic setting."  Pl.'s Ex. 3 at 4, 6; Pl.'s SMF ¶ 23.

Plaintiff argues that this evidence establishes that DCPS's delay in failing to timely authorize a reevaluation of K.T. "caused a deprivation of educational benefits."  Pl.'s SJ Mot. at 11.  Plaintiff asserts that: "Had DCPS provided its authorization letter in June, when it was requested, instead of waiting four months until October, . . . K.T. would have been evaluated four months earlier, would have been found eligible four months earlier, and would have received his [individualized education program] four months earlier."  Pl.'s SJ Mot. at 12.

Defendant, in turn, contends that the Court should not consider this new evidence. Defendant argues that "it would be fundamentally unfair for this Court to overturn the [October 2008 HOD] based on Plaintiff's after-acquired evidence that she never presented to the hearing officer." *See* Def.'s Reply at 3; *see also* Def.'s SJ Mot. at 12-13 (arguing that "plaintiff is attempting to circumvent established law" by "describ[ing] events that occurred after the issuance of the October 31, 2008 HOD" in support of her position that the hearing officer erred in determining that there was no FAPE violation). Instead, defendant urges the Court to affirm the October 2008 HOD based solely upon the evidence presented by plaintiff at the administrative hearing. *See* Def.'s SJ Mot. at 12-13 (arguing that the hearing officer correctly found that the evidence presented during the administrative hearing did not prove a deprivation of educational benefits).

After careful consideration of the parties' arguments, the Court concludes that it is most appropriate to remand this case to the hearing officer for consideration of plaintiff's new evidence. As a threshold matter, the Court finds defendant's argument that "plaintiff should be foreclosed from presenting evidence and arguments that she did not raise before the hearing

officer" unavailing[7] in light of 20 U.S.C. § 1415(i)(2)(C)(ii).[8]
Def.'s Reply at 1.  Nevertheless, given the facts of this case, and, in particular, the significant events that occurred after the hearing officer issued her decision, the Court is persuaded that it would be unfair to overturn the hearing officer's determination on grounds that she had no opportunity to consider or evaluate.  The Court therefore concludes that the hearing officer should be permitted, in the first instance, to conduct the "fact-specific exercise of discretion" anticipated by the

---

[7]    The Court is also unpersuaded by defendant's argument that plaintiff was required to file a separate motion in order for the Court to consider plaintiff's new evidence.  *See* Def.'s SJ Mot. at 13; Def.'s Reply at 1-2.  Defendant has not directed the Court to any statute, regulation, or case law requiring that a separate motion be filed with the Court, nor is the Court aware of any such authority.  The Court, therefore, is unwilling to impose this additional procedural requirement on plaintiff, and will consider the new evidence that plaintiff has proffered.

[8]    20 U.S.C. § 1415(i)(2)(C)(ii) provides that in a civil action appealing the decision of a hearing officer, the court "shall hear additional evidence at the request of a party." While there is a conflict among the Courts of Appeals regarding the precise meaning of § 1415(i)(2)(C)(ii)'s requirement that district courts hear additional evidence, appellate courts have generally construed the statute to provide district courts with the discretion to determine whether or not to hear such evidence. *See, e.g.*, *Konkel v. Elmbrook Sch. Dist.*, 348 F. Supp. 2d 1018, 1020-22 (E.D. Wis. 2004) (discussing the differing standards applied by various courts in determining whether to receive additional evidence in an IDEA action).  In addition, although the D.C. Circuit has not expressly addressed the issue, it has generally recognized a district court's discretion to decide whether to hear additional evidence or remand an action to a hearing officer for additional proceedings. *See, e.g.*, *Kingsmore v. District of Columbia*, 466 F.3d 118, 120 (D.C. Cir. 2006); *Branham v. District of Columbia*, 427 F.3d 7, 13 (D.C. Cir. 2005).

IDEA. *Reid*, 401 F.3d at 536; *see also Henry v. District of Columbia*, No. 09-1626, 2010 U.S. Dist. LEXIS 120336, at *11 (D.D.C. Nov. 10, 2010) ("While the Court has the authority to undertake its own review of the record . . . and issue judgment in the case, the district court may determine that the 'appropriate' relief is a remand to the hearing officer for further proceedings[.]" (internal quotation marks omitted)). Accordingly, this action is hereby **REMANDED** to the hearing officer for consideration of plaintiff's newly-proffered evidence, and for further findings of fact and conclusions of law regarding whether K.T. was denied a FAPE as a result of DCPS's procedural violation and, if so, the amount of compensatory education to which K.T. is entitled.[9]

---

[9] Plaintiff also argues that the October 2008 HOD should be reversed because "Ms. Taylor's ability to participate in the decision-making process" was impeded by the District's failure to timely authorize an independent evaluation. *See* Pl.'s SJ Mot. at 10-11 (citing 20 U.S.C. § 1415(f)(3)(E)(ii)(II) for the proposition that a procedural violation constitutes a denial of FAPE when it "significantly impede[s] the parent's opportunity to participate in the decision-making process regarding the provision of a FAPE"). The Court finds that the hearing officer did not err in reaching a contrary determination based on the record that was before her. *See* AR 7, ¶ 8 ("Numerous attempts were made to include the Parent in an eligibility meeting; six dates were offered. However, parent's counsel and/or advocate were not available."); *see also* Def.'s SMF ¶¶ 8-14. Instead, to the extent that this argument has any possible merit it is dependent upon the consideration of plaintiff's newly proffered evidence. *See* Pl.'s Combined Opp'n & Reply at 4-5 ("[An] [MDT] meeting would have done the Plaintiff little good in the absence of an adequate expert evaluation. The existing evaluation had specifically found K.T. ineligible [for special education services]. Only after the final evaluation was done did DCPS

## IV. CONCLUSION

For the reasons set forth above, the Court **REMANDS** this action to the hearing officer for additional fact-finding and further consideration on the merits. The parties' motions for summary judgment are therefore **DENIED** without prejudice. A separate Order accompanies this Memorandum Opinion.

**SIGNED:** **Emmet G. Sullivan**
**United States District Court Judge**
**March 16, 2011**

---

develop an [individualized education program] for K.T. and finally begin to address his needs." (internal citations omitted)). Because the Court concludes that remand for consideration of plaintiff's newly proffered evidence is appropriate, the Court need not further discuss the merits of plaintiff's argument on this issue.